J-S16013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CERRONE FURMAN | : | |
| Appellant | : | No. 203 EDA 2021 |

Appeal from the PCRA Order Entered December 9, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0402812-2001,
CP-51-CR-0402822-2001

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CERRONE FURMAN | : | |
| Appellant | : | No. 204 EDA 2021 |

Appeal from the PCRA Order Entered December 9, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0402812-2001,
CP-51-CR-0402822-2001

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                          **FILED JUNE 29, 2021**

Appellant, Cerrone Furman, appeals from the post-conviction court's

December 9, 2020 order denying, as untimely, his petition filed under the Post

_____

[*] Former Justice specially assigned to the Superior Court.

Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts of Appellant's underlying convictions are not pertinent to his present appeal. We only note that on April 27, 2005, a jury convicted Appellant of second-degree murder and possessing an instrument of crime in two separate, but consolidated cases. On June 17, 2005, he was sentenced to an aggregate term of life incarceration without the possibility of parole. On direct appeal, this Court affirmed his judgment of sentence, and our Supreme Court denied his subsequent petition for allowance of appeal. *See Commonwealth v. Furman*, 911 A.2d 180 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 917 A.2d 313 (Pa. 2007).

Over the next decade, Appellant litigated three unsuccessful PCRA petitions. On July 13, 2018, he filed his fourth, *pro se* petition, which underlies his present appeal. Therein, Appellant claimed that his petition was timely-filed after the United States Supreme Court's decision in *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018), which Appellant claimed created a new constitutional right that applies retroactively to his case. On September 8, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing on the basis that it was untimely. Appellant filed a *pro se* response, but on December 9, 2020, the court issued an order

dismissing his untimely petition. Appellant filed timely, *pro se* notices of appeal in each of his two underlying cases.[1]

Appellant presents one question for our review: "Did the PCRA court err[] by arbitrarily dismissing [the] petition when it ignored a timely request for an extension of time, and leave to amend, wherein [Appellant] demonstrated the petition was timely under 42 Pa.C.S. § 9545(b)(1)(i), and [Appellant had] no access to [the] law library due to [a] COVID-19 prison lockdown?" Appellant's Brief at 4 (unnumbered; some capitalization omitted, some added).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the

_____

[1] Our Court *sua sponte* consolidated Appellant's appeals on March 18, 2021. We recognize that Appellant's notices of appeal each set forth both docket numbers of his underlying cases. In **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018), our Supreme Court held that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." Here, Appellant filed a separate notice of appeal at each docket number. Therefore, although he included both case numbers on each notice of appeal, we conclude that he complied with Rule 341 and **Walker**. **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) ("Based on our review of **Walker** and Rule 341, Johnson filed separate notices that perfected four appeals from each of the four common pleas court dockets. The fact that the notices contained all four lower court numbers is of no consequence. Indeed, the Rules of Appellate Procedure are to be liberally construed to effectuate justice.") (citations omitted), *appeal denied*, 242 A.3d 304 (Pa. 2020).

timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one

- 4 -

year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[2]

Here, Appellant's judgment of sentence became final in 2007. Thus, his present petition filed in 2018 is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). As set forth above, Appellant argued in his *pro se* petition that he meets the new-retroactive-right exception of section 9545(b)(1)(iii) based on ***McCoy***. Herein, however, he seemingly changes his argument, now claiming that he raised a ***McCoy*** claim in a timely-filed PCRA petition in 2007, but that his attorney "failed to brief … that claim" and, instead, sought to withdraw on the basis that Appellant's petition was meritless. Appellant's Brief at 6 (unnumbered). Appellant insists that prior PCRA counsel's alleged ineffectiveness in this regard somehow obstructed his ability to file a 'direct appeal.' ***Id.***

---

[2] Section 9545(b)(2) previously required that a petition be filed within 60 days that the claim could have been presented, but an amendment to that provision, effective December 24, 2018, changed the language to that quoted *supra*, requiring that a petition be filed within one year. 42 Pa.C.S. § 9545(b)(2). That amendment applies to any claims arising on or after December 24, 2017. Because ***McCoy*** was decided on May 14, 2018, Appellant's petition was required to be raised within one year of ***McCoy***'s issuance, which it was.

Appellant's confusing ineffectiveness argument fails to meet the governmental-interference timeliness exception. Initially, our Supreme Court has stated that,

> [c]laims relating to ineffectiveness of counsel for failing to raise certain issues do not qualify [under section 9545(b)(1)(i)] due to the specific provision in 42 Pa.C.S. § 9545(b)(4) that the term 'government officials' does not include defense counsel." **Commonwealth v. Pursell**, … 749 A.2d 911, 916 ([Pa.] 2000); **see also Commonwealth v. Yarris**, …731 A.2d 581, 587 ([Pa.] 1999) ("[T]he drafters of the 1995 amendments specifically excluded 'defense counsel' from such officials. 42 Pa.C.S. § 9545(b)(4). Therefore, [s]ection 9545(b)(1)(i) does not operate to save [an] appellant's claims of ineffective assistance of counsel from the bar of untimeliness."). [The a]ppellant has failed to meet the governmental interference exception.

**Commonwealth v. Abu-Jamal**, 833 A.2d 719, 725 (Pa. 2003).

Moreover, to the extent Appellant claimed in his petition that **McCoy** satisfies the new-retroactive-right exception of section 9545(b)(1)(iii), that claim also fails. This Court has explained:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Murphy**, 180 A.3d 402, 405 (Pa. Super. 2018) (citation omitted), *appeal denied*, 195 A.3d 559 (Pa. 2018).

In **McCoy**, the Supreme Court declared that,

[w]hen a client expressly asserts that the objective of "*his defence*" is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt. U.S. Const. Amdt. 6 (emphasis added)….

Preserving for the defendant the ability to decide whether to maintain his innocence should not displace counsel's, or the court's, respective trial management roles.

**McCoy**, 138 S.Ct. at 1509 (emphasis and quotation marks in original; some citations omitted). The **McCoy** Court further explained:

Violation of a defendant's Sixth Amendment-secured autonomy ranks as error of the kind our decisions have called "structural"; when present, such an error is not subject to harmless-error review. ... Structural error affect[s] the framework within which the trial proceeds, as distinguished from a lapse or flaw that is simply an error in the trial process itself. An error may be ranked structural, we have explained, if the right at issue is not designed to protect the defendant from erroneous conviction but instead protects some other interest, such as the fundamental legal principle that a defendant must be allowed to make his own choices about the proper way to protect his own liberty. An error might also count as structural when its effects are too hard to measure, as is true of the right to counsel of choice, or where the error will inevitably signal fundamental unfairness, as we have said of a judge's failure to tell the jury that it may not convict unless it finds the defendant's guilt beyond a reasonable doubt.

Under at least the first two rationales, counsel's admission of a client's guilt over the client's express objection is error structural in kind. Such an admission blocks the defendant's right to make the fundamental choices about his own defense. And the effects of the admission would be immeasurable, because a jury would almost certainly be swayed by a lawyer's concession of his client's guilt.

**Id.** at 1511 (citations and quotation marks omitted).

In our unpublished, yet persuasive, decision in ***Commonwealth v. Hoffman***, No. 856 WDA 2019, unpublished memorandum (Pa. Super. filed Jan. 13, 2020), we explained:

> [A] defendant's "secured autonomy" under the Sixth Amendment is not a "new" constitutional right. ***See, e.g., Florida v. Nixon***, 543 U.S. 175 … (2004) (recognizing [a] defendant's ultimate authority to decide whether to plead guilty, waive jury trial, testify in his own defense, or take appeal); ***Faretta v. California***, 422 U.S. 806 … (1975) (explaining [the] Sixth Amendment grants to accused personally right to make his own defense; Sixth Amendment speaks of "assistance" of counsel; "assistant," however expert, is still assistant). ***McCoy*** simply applied a defendant's well-rooted Sixth Amendment right to autonomy to a new set of circumstances. ***See, e.g., Commonwealth v. Garcia***, 23 A.3d 1059 (Pa. Super. 2011), *appeal denied*, 38 A.3d 823 ([Pa.] 2012) (holding [the] application of criminal defendant's long-standing constitutional right to effective assistance of counsel to new set of facts did not create "new constitutional right" under PCRA). ***See*** 42 Pa.C.S.[] § 9545(b)(1)(iii). Thus, the PCRA court properly dismissed [Hoffman's] current petition as untimely.

***Id.*** at *1–2. ***See also Commonwealth v. Gonzalez***, 242 A.3d 416, at *4-5 (Pa. Super. 2020) (unpublished memorandum) (citing ***Hoffman*** in concluding that ***McCoy*** does not create a new constitutional right).

Here, we likewise conclude that Appellant cannot rely on ***McCoy*** to meet the timeliness exception of section 9545(b)(1)(iii), as that case does not create a new constitutional right. Moreover, even if it did, the Supreme Court has not held that ***McCoy*** applies retroactively. Thus, Appellant has failed to satisfy section 9545(b)(1)(iii) on this basis, as well. ***See Gonzalez***, 242 A.3d at *5 (citing ***Commonwealth v. Brown***, 237 A.3d 1057, at *7 (Pa. Super.

2020) (unpublished memorandum) (finding that **McCoy** does not apply retroactively)).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2021